## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LAMORAK INSURANCE COMPANY**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 15-6265**

**HUNTINGTON INGALLS, INC.**                      **SECTION: "G"(1)**

### ORDER

Before the Court is Defendant Huntington Ingalls Incorporated's ("HII") "Motion for Partial Summary Judgment on Insured's Right to Select Counsel"[1] and Plaintiff Lamorak Insurance Company's ("Lamorak") "Motion to Strike the Motion for Partial Summary Judgment on Insured's Right to Select Counsel."[2] Having reviewed the motions, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will deny HII's motion as untimely filed, and thus deny Lamorak's motion as moot.

### I. Background

In this litigation, Lamorak seeks to enforce its alleged right under certain insurance policies to select the defense counsel for HII to defend HII in covered long-term occupational disease claims that have been or may be filed against it.[3] Lamorak states that the commercial general liability policies it issued to HII includes an indemnity and defense obligation, and that, under Louisiana law, an insurer may select counsel of its choice to defend an insured.[4] By contrast, HII

---

[1] Rec. Doc. 33.

[2] Rec. Doc. 39.

[3] Rec. Doc. 1 at 1.

[4] Rec. Doc. 1 at 3–4.

1

asserts that the memorandum of understanding between the parties state that they must agree on the selection of defense counsel, and that HII has acted in good faith at all times in its attempt to reach such an agreement.[5] However, HII argues that, because of conflicts of interest between HII and Lamorak, Lamorak must defend HII through independent defense counsel selected by HII.[6]

On September 19, 2016, HII filed its "Motion for Partial Summary Judgment on Insured's Right to Select Counsel."[7] On September 28, 2016, Lamorak filed a motion to strike the motion for partial summary judgment, alleging that it was untimely filed pursuant to the Scheduling Order issued by the Court.[8] On September 29, 2016, this Court granted Lamorak's motion for expedited consideration of its motion to strike.[9] On September 30, 2016, the Court granted Lamorak's motion for leave to file a reply.[10]

## II. Parties' Arguments

### A.   Lamorak's Arguments in Support of Motion to Strike

In its motion, Lamorak argues that HII's "Motion for Partial Summary Judgment on Insured's Right to Select Counsel" was untimely filed in violation of the Court's Scheduling Order.[11] Lamorak represents that the Scheduling Order required that all non-evidentiary pretrial

---

[5] Rec. Doc. 8 at 5.

[6] *Id.*

[7] Rec. Doc. 33.

[8] Rec. Doc. 39-1 at 1.

[9] Rec. Doc. 41.

[10] Rec. Doc. 44.

[11] Rec. Doc. 39-1 at 1.

motions be filed and served in sufficient time to permit a hearing by September 28, 2016.[12] According to Lamorak, Local Rule 7.2 requires motions to be filed at least fifteen days before the date assigned for submission.[13] Lamorak argues that HII's motion for partial summary judgment is a non-evidentiary pretrial motion, and thus should have been filed no later than September 13, 2016.[14] Accordingly, because HII's motion was filed on September 19, 2016, Lamorak contends that it was untimely filed.[15]

Lamorak asserts that Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Here, Lamorak argues that HII has not provided any explanation for its failure to timely file its motion, and thus has not shown that there is good cause to modify the scheduling order.[16] Lamorak avers that "the entire motion appears not to cite to a single document produced by Lamorak that was not in HII's possession before Avondale's September 13, 2016 filing deadline."[17] According to Lamorak, the Court has previously found that good cause did not exist to modify the scheduling order when it denied the parties' "Joint Motion to Extend Trial Calendar" on August 26, 2016.[18] Thus, Lamorak states that HII had fair notice that the Court's Scheduling Order must be followed,

---

[12] *Id.* at 2.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 2–3.

[17] *Id.* at 3.

[18] *Id.* at 4 (citing Rec. Doc. 23).

and, with the exercise of due diligence, could have ensured its motion was timely filed.[19]  Finally, Lamorak contends that, with trial scheduled for November 14, 2016, it will suffer prejudice if the Court does not strike HII's untimely motion and forces Lamorak to respond.[20]

**B.      *HII's Arguments in Opposition to Motion to Strike***

In its opposition memorandum, HII argues that its motion for partial summary judgment was not a "non-evidentiary" motion, but actually a "dispositive, evidentiary motion" for which the September 28, 2016 deadline does not apply.[21] HII avers that, because the Scheduling Order requires motions for summary judgment to make specific citations to evidence in the record, motions for summary judgment that use evidence as exhibits must be considered evidentiary motions.[22] Lamorak's interpretation, HII contends, would require motions for summary judgment to be filed prior to the close of discovery.[23] Rather, HII avers that Federal Rule of Civil Procedure 56(b) only requires that, unless the local rules or a court order decides otherwise, motions for summary judgment may be filed up until thirty days after the close of discovery.[24] Here, HII's motion was filed five days after the close of discovery, and thus, HII argues, it was timely filed.[25]

---

[19] *Id.*

[20] *Id.*

[21] Rec. Doc. 42 at 2.

[22] *Id.*

[23] *Id.* at 4.

[24] *Id.* at 5.

[25] *Id.*

C.      *Lamorak's Reply in Support of the Motion to Strike*

        In response, Lamorak argues that HII's interpretation of the Scheduling Order would render the September 13, 2016 deadline for non-evidentiary pretrial motions meaningless, as "nearly all motions after the pleadings stage of a case may involve evidence."[26] According to Lamorak, that deadline would only apply to Rule 12 motions on the pleadings, despite the deadline being set only two months before trial and "many months" after HII's answer was filed and the deadline to amend the pleadings had passed.[27] Instead, Lamorak insists that the Scheduling Order deadline for non-evidentiary pretrial motions applies to all motions except for motions *in limine* focused on the admissibility of evidence.[28] Lamorak asserts that the September 13, 2016 deadline was only one day before the close of discovery on September 14, 2016, and that HII had all the evidence needed to timely file its motion prior to the deadline.[29]

## III. Law and Analysis

        In its motion, Lamorak contends that, because HII's motion for partial summary judgment was filed after the deadline for non-evidentiary pretrial motions, the Court should strike it as untimely filed.[30] By contrast, HII argues that, because its motion used evidence as exhibits, it should be considered an evidentiary motion, and non-evidentiary pretrial motion deadline does not apply.[31]

---

[26] Rec. Doc. 44 at 1.

[27] *Id.* (citing Rec. Doc. 10 at 2).

[28] *Id.* at 2.

[29] *Id.*

[30] Rec. Doc. 39-1 at 5.

[31] Rec. Doc. 42 at 5.

On January 27, 2016, the Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **September 28, 2016**."[32] Local Rule 7.2 provides that "[u]nless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission." To permit hearing no later than September 28, 2016, each party was required to file any non-evidentiary pretrial motions by September 13, 2016. Contrary to HII's interpretation, it is clear that dispositive motions for summary judgment are non-evidentiary pretrial motions, and thus must comply with the deadline set by this Court's Scheduling Order. Motions that may be submitted after the "non-evidentiary pretrial motions" deadline are those motions dealing with the admissibility of evidence.

Federal district courts have the inherent power to enforce their scheduling orders,[33] and Federal of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[34] Here, HII did not request or obtain the Court's consent to modify the scheduling order. A jury trial in this matter is currently set for November 14, 2016.[35] Hence, the Court's Scheduling Order provided that dispositive motions must be filed in enough time to be heard *no later* than September 28, 2016.[36] This allows the Court the minimum time

---

[32] Rec. Doc. 10 at 1 (emphasis in original).

[33] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have this power."); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

[34] Fed. R. Civ. P. 16(b)(4).

[35] Rec. Doc. 10 at 4.

[36] *Id.* at 1.

needed to address motions before the Pre-Trial Conference. Alternatively, if the Court were to adopt HII's interpretation and allow motions for summary judgment to be filed thirty days after the close of discovery (notwithstanding that the date assigned for submission would be at least fifteen days later), Lamorak would be in the position of litigating a motion for summary judgment during the time in which both parties should be preparing for trial. Moreover, such an interpretation would also impose a hardship on the Court to resolve the motion in advance of the trial. The Court issued its Scheduling Order on January 27, 2016, in order to allow both the parties and the Court adequate time to deal with all legal issues prior to trial.[37] At a minimum, HII should have requested leave to file its motion after the deadline, explaining the cause of its delay and seeking relief in advance. However, HII failed to do so, and HII has not shown good cause excusing the delay. Accordingly,

**IT IS HEREBY ORDERED** that HII's "Motion for Partial Summary Judgment on Insured's Right to Select Counsel"[38] is **DENIED** as untimely filed.

**IT IS FURTHER ORDERED** that Lamorak's "Motion to Strike the Motion for Partial Summary Judgment on Insured's Right to Select Counsel"[39] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this ___3rd___ day of October, 2016.


*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[37] Rec. Doc. 10.

[38] Rec. Doc. 33.

[39] Rec. Doc. 72.